IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00475-MSK-MJW

CODY G. CARLSEN,

      Applicant,

v.

JULIE WANDS, Warden, FCI Florence,

      Respondent.

---

**OPINION AND ORDER DENYING APPLICATION FOR
WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2241**

---

      **THIS MATTER** comes before the Court on Petitioner Cody G. Carlsen's Petition for Writ of Habeas Corpus **(#3)**; the Government's Response **(#13)**; and Mr. Carlsen's Traverse **(#14)**. Having considered the same,[1] the Court **FINDS** and **CONCLUDES** the following.

### I. Jurisdiction

This Court asserts jurisdiction pursuant to 28 U.S.C. § 2241.

---

[1] In evaluating Mr. Carlsen's pleadings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

## II.   Material Facts

In October 2006, Mr. Carlsen was released from Montana state prison after serving a jail term of unspecified length and for a unspecified charge.[2] He remained subject to a two year term of probation, however, which expired in October 2008.

In April 2007, after having been found guilty by a jury, he was sentenced by a North Dakota court to five years for the crime of Reckless Endangerment and one year for the crime of Fleeing or Attempting to Elude a Peace Officer, to be served concurrently. The Orders imposing these sentences explicitly provided that Mr. Carlsen was to receive credit for 218 days that he had been in custody during the pendency of the case.

On May 11, 2007, Mr. Carlsen was transferred to federal authorities pursuant to a writ of *habeas corpus ad prosequendum*. He faced a federal charge in the District of Montana of possession of a weapon by a convicted felon, allegedly committed in August 2006. Mr. Carlsen pled guilty to the charge and, on November 15, 2007, was sentenced to a term of 46 months, to be served consecutively to any undischarged sentence.

On January 8, 2008, Mr. Carlsen was returned to the custody of prison officials in North Dakota for completion of his state sentence. When he was paroled on January 6, 2009, he was returned to federal custody to serve his federal sentence.

While in federal custody, Mr. Carlsen initiated administrative procedures seeking to have the time period from May 11, 2007[3] excluded from his federal 46-month sentence. The Bureau

---

[2] Neither of these details is necessary for a determination of Mr. Carlsen's Petition.

[3] The Petition actually seeks credit from May 14, 2007, but, construing Mr. Carlsen's pleadings liberally, the Court understands Mr. Carlsen to be seeking credit for the time he was in federal custody, which occurred on May 11, 2007.

of Prisons denied his request, stating that Mr. Carlsen was not entitled to credit because the time he spent in federal custody from May 11, 2007 through January 8, 2008 was credited against the state sentence he was serving. However, the BOP's denial erroneously listed the relevant state sentence as being served in Montana rather than in North Dakota.

### III.   Issue Presented

Mr. Carlsen asserts a single claim for relief—that he has been unlawfully denied a reduction in his federal prison sentence for the time he spent in federal custody from May 11, 2007.[4] The Government responds that the time Mr. Carlsen spent in custody from May 11, 2007 was credited against his North Dakota sentence, and therefore is not appropriately credited against his federal sentence.

### IV.   Standard of Review

An action brought by a federal prison pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). In this type of action, a district court is only authorized to issue the writ of *habeas corpus* when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *See* § 2241(c)(3). To prevail on a § 2241 petition, a prisoner must demonstrate that in the execution of his sentence he has been denied a federal constitutional or statutory right. Mr. Carlsen claims that his rights have been violated because his federal sentence has been

---

[4] The total amount of time for which Mr. Carlsen seeks credit is unclear from the face of the Petition. It may be that Mr. Carlsen seeks only credit for the amount of time he spent in federal custody—May 11, 2007 through January 8, 2008 (a total of 243 days). However, giving petition the most liberal construction, it is possible that Mr. Carlsen seeks credit for the entirety of the time he has spent in custody since he was taken into federal custody on May 11, 2007 (a total of approximately 44 months). The Court addresses both issues.

miscalculated by the Bureau of Prisons.

## V.   Analysis

The computation of a sentence includes consideration of two factors: (i) the date the sentence commences and (ii) the credit the prisoner receives based on prior detention. *See Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006).

A federal sentence commences on the date that the defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of the sentence at, the official detention facility where the sentence is to be served. *See* 18 U.S.C. § 3585(a). It does not commence until the defendant is actually received into federal custody for such purpose. *See Binford*, 436 F.3d at 1255.

Mr. Carlsen's federal sentence commenced January 6, 2009, when he entered federal custody after the completion of his state sentence in North Dakota. It was only at this time that he was in federal custody *for the purpose of* serving his federal sentence. The time he spent in federal custody from May 11, 2007 through January 8, 2008 was pursuant to a writ of *habeas corpus ad prosequendam* and, as such, was for the purpose of the administration of justice and comity between jurisdictions rather than service of his sentence. *See Brown v. Perrill*, 28 F.3d 1073, 1074 (10th Cir. 1994). The Court therefore finds that Mr. Carlsen's 46-month sentence began January 6, 2009.

A defendant is entitled to credit against his or her sentence for any time spent in "official detention" prior to the date the sentence commences as long as the time was not credited against any other sentence and such detention was based on the offense for which the sentence was imposed or any other charge for which the defendant was arrested after the commission of the

offense for which the sentence was imposed." *See id.* § 3585(b).  Credit calculations are initially made by the Bureau of Prisons, subject to review in an action such as this.

Generally, the first jurisdiction to acquire custody of a defendant in a criminal case is entitled to retain custody of the defendant until it has exhausted all proceedings (including punishment) against the defendant.  *See Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002).  However, another jurisdiction may "borrow" the defendant, obtaining a transfer of the defendant for other proceedings pursuant to a writ of *habeas corpus ad prosequendam.  See Brown*, 28 F.3d at 1074.  When a state transfers a person in custody to the federal government pursuant to a writ of *habeas corpus ad prosequendam*, the detention is generally recognized as being temporary; the defendant is not regarded as being in "official detention" by the federal authorities.  The time spent in federal detention under such a writ is credited against the state sentence but not against the federal sentence.  *See Binford*, 436 F.3d at 1256; *United States v. Welch*, 928 F.2d 915, 916 n.2 (10th Cir. 1991); *Hernandez v. United States Attorney General*, 689 F.2d 915, 918–19 (10th Cir. 1982).  However, there are circumstances in which such transfers have resulted in the federal government being deemed to have exercised "official detention" that requires a credit against a federal sentence.  *See  Weekes*, 301 F.3d at 1181; *Brown*, 28 F.3d at 1075.

There appears to be no bright line test or list of factors for determining whether federal custody acquired by a writ of *habeas corpus ad prosequendam* results in "official detention" or not.  Determinations in this circuit appear to be highly fact specific.  For example, in *Binford*, while the defendant was in state custody in Oklahoma awaiting trial on state charges, he was transferred to federal custody pursuant to a writ of *habeas corpus ad prosequendam*.  *See* 436

F.3d at 1253.  After the defendant plead guilty to and was sentenced on the federal charges, the U.S. Marshals Service mistakenly delivered the defendant to a federal penitentiary.  Prison staff, however, realized that because the defendant was in federal custody pursuant to a writ of *habeas corpus ad prosequendam*, he should have been immediately returned to state custody and accordingly returned him state authorities.  The defendant sought credit against his federal sentence for the entire time he spent in custody after he was mistakenly transferred to federal custody.  The Tenth Circuit determined that the defendant was not entitled to credit for any of such time because he was merely in temporary federal custody.  It reasoned that even though he was transferred to a federal institution following his federal sentencing, which would indicate that the custody was not temporary, the mistake was quickly corrected and he did not spend more time in federal custody than that contemplated by the sentencing court.

In *Weekes*, the defendant was arrested by state authorities for drug activities while on state probation.  *See* 301 F.3d at 1176.  While in state custody, he was "arrested" on a warrant by the U.S. Marshals Service and taken into federal custody, where he faced federal charges for the same drug activities.  He was then transferred back to state custody on a writ of *habeas corpus ad prosequendam* to appear for his probation violation hearing.  After the hearing, he was transferred back to federal custody.  He entered a plea of guilty to the federal charges and a federal sentence was imposed.  At approximately the same time, state authorities lodged a notice of detainer with the federal penitentiary, requesting notice prior to the defendant's release from federal custody. Federal authorities transferred the defendant back to state custody for service of his state sentence (approximately 5 years) prior to service of his federal detention.  The defendant sought credit against his federal sentence for the five years he spent in state custody on

his state sentence. The Tenth Circuit determined that the defendant was entitled to credit against his federal sentence because he was primarily in federal custody (as opposed to being in federal custody on a temporary basis). The Court reasoned that although the defendant had begun his detention in state custody, the state had relinquished primary custody to federal authorities. Such action was evidenced by the state's use of a writ of *habeas corpus ad prosequendam* to obtain custody for the probation violation hearing, the state's use of a detainer to acquire custody of the defendant from federal authorities, and the United States' consistent designation of the defendant as a federal prisoner.

In *Brown*, the defendant was transferred from a California state prison to federal custody on a writ of *habeas corpus ad prosequendam. See Brown v. Perril*, 21 F.3d 1008, 1008 (10th Cir. 1994) (initial determination) and *Brown*, 28 F.3d at 1074 (opinion on rehearing). He remained in federal custody for over a year and a half, but when the time of his state sentence had expired, the federal court released him on bond pending trial. *See Brown*, 28 F.3d at 1075. He was tried some seven months later and sentenced. He sought application of all time in federal custody against his federal sentence. The Tenth Circuit agreed, determining that federal detention for such an extended period of time (more than two years), together with the expiration of the state sentence and the federal court's determination to release him on bond, changed the nature of federal detention from temporary to an "official detention" creditable against the federal sentence.[5]

---

[5] This opinion is a bit difficult to interpret. The Court relies heavily on the amount of time in federal detention, but specifically announces that it does not intend to specify how much time in federal detention results in a conversion of temporary detention to primary detention. Thus, it would appear that the fact that the state sentence expired while the defendant was in federal custody and that the federal court believed itself free to release the defendant on bond

The Court discerns from these decisions that there are at least two factors that should be considered in determining whether federal custody obtained pursuant to a writ of *habeas corpus ad prosequendam* results in "official detention" for purposes of credit against a federal sentence (1) the time spent in federal detention; and (2) whether there is intentional action taken by the state or federal authority indicating its belief that the person is primarily in federal, as compared to state custody.[6]

Neither of these factors favor a determination of "official detention" by federal authorities in this case.  Mr. Carlsen was held in federal custody for approximately seven months, and transferred back to North Dakota within two months of his federal sentence being imposed.  His time in federal detention most closely compares to that in *Binford*, where the Circuit found that the federal custody was temporary.

In addition, unlike the circumstances in *Brown* and *Weekes*, there is nothing in this record that indicates that either state or federal authorities believed the Mr. Carlson was being held in "official detention" by federal authorities, rather than being temporarily detained.  The Court therefore finds that Mr. Carlson's custody exercised by federal authorities was temporary.  As a consequence, the Bureau of Prison's denial of credit for time spent in federal custody is not

---

must have been of some import.  Harmonizing this with *Weekes*, one might infer that the action of the federal court indicated its belief that its exercise of custody was primary.  However, such inference does not explain how time credited to the state sentence could also be credited to the federal one.

[6] In this regard, some support is found in an unpublished decision, *Stroble v. Terrell*, 200 Fed. App'x 811, 816 (10th Cir. Oct. 17, 2006) (applying both *Binford* and *Weekes* and determining, based on the manner in which the defendant was turned over to the federal authorities and the subsequent conduct of both sovereigns, that the defendant's federal custody was temporary).

unlawful.[7]

To the extent that Mr. Carlsen contends that the time spent in state custody after being returned to North Dakota should be credited against his federal sentence, the Court finds no merit in such argument. Mr. Carlsen's federal sentence was expressly ordered to be served consecutively to any undischarged sentence, which included the North Dakota sentence.

---

[7] Mr. Carlsen's reply focuses on the fact that the denial of his administrative request for credit was based on the fact that the time in question had been spent serving a state sentence in Montana, when he was actually serving a sentence in North Dakota. Although this statement was clearly in error, it does not impact whether Mr. Carlsen is entitled to credit for the time spent in federal custody.

**IT IS THEREFORE ORDERED** that Petitioner Cody G. Carlsen's Petition for Writ of Habeas Corpus **(#3)** is **DENIED**.

It is not clear to this Court whether 28 U.S.C. § 2253 requires the issuance of a Certificate of Appealability before Mr. Carlsen may seek review of this ruling. To the extent such a Certificate is necessary, the Court has considered the standards of *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and finds that, given the lack of a bright line rule for determining when a defendant is merely in temporary federal custody, reasonable jurists could disagree as to the disposition of Mr. Carlsen's petition. Accordingly, the Court **GRANTS** a Certificate of Appealability with regard to whether Mr. Carlsen was in primary federal custody after May 11, 2007 and, therefore, should have received credit against his federal sentence for this time spent in custody. The Clerk of Court shall enter judgment and close this case.

Dated this 12th day of January, 2011

BY THE COURT:

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge